984 F.2d 252
 UNITED STATES of America, Appellant,
v.
Jonathan L. HAWLEY, Appellee.
UNITED STATES of America, Appellant,
v.
Wayne A. YEAGER, Appellee.
UNITED STATES of America, Appellant,
v.
Jonathan L. HAWLEY, Appellee.
UNITED STATES of America, Appellant,
v.
Wayne A. YEAGER, Appellee.
 Nos. 92-1439, 92-1440, 92-1495 and 92-1496.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 13, 1992.
Decided Jan. 22, 1993.
 
 Kevin V. Schieffer, Sioux Falls, SD, argued, for appellant.
 Sabrina Meierhenry, Sioux Falls, SD, argued, for appellees.
 Before McMILLIAN, MAGILL and HANSEN, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 The United States appeals from two final judgments entered in the District Court for the District of South Dakota, upon pleas of guilty, sentencing defendants Wayne A. Yeager and Jonathan L. Hawley each to 20 months imprisonment. For reversal the government argues the district court erred in departing below the statutory mandatory minimum sentence of 60 months without a government motion pursuant to 18 U.S.C. § 3553(e). For the reasons discussed below, we reverse the sentences and remand the cases to the district court for resentencing.
 
 
 2
 Defendants, who were eighteen years old and had no criminal records, were arrested for possession with intent to distribute two pounds of marijuana in an undercover investigation. At the time of his arrest, Yeager was found in possession of a loaded pistol. Law enforcement officers later searched defendants' apartment pursuant to a search warrant and found more marijuana, drug paraphernalia (including 64 plastic bags evidently intended to be used for packaging marijuana), and another loaded firearm.
 
 
 3
 In November 1991 defendants were indicted and charged with multiple counts of drug trafficking and firearms violations, including possession of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Defendants pled guilty to possession of a firearm in relation to a drug trafficking offense pursuant to written plea agreements. (The other counts were dismissed.) The plea agreements expressly stated that the government agreed to recommend a 60-month sentence, the statutory mandatory minimum sentence. The government did not agree to file a motion for a downward departure pursuant to Guidelines § 5K1.1 for substantial assistance.
 
 
 4
 At the sentencing hearing the government urged the district court to impose the statutory mandatory minimum sentence of 60 months. Counsel for defendants urged the district court to depart downward under Guidelines § 5K2.0 and to sentence defendants below the statutory mandatory minimum sentence on the grounds of defendants' youth and other factors, specifically their good faith cooperation with the investigation. The government agreed that defendants had provided some information to the investigating agents about their customers but argued that defendants did not disclose their source of drugs and continued to maintain that they "found" the drugs on a farm and the guns in their apartment after a party.
 
 
 5
 The district court granted defendants a downward departure on the basis of their youth, their lack of a criminal record, the small amount of marijuana involved, the short duration of their marijuana trafficking activity, their lack of involvement with more serious drugs, and their good faith effort to cooperate with the investigating authorities. The district court also believed that the statutory mandatory minimum sentence was not designed for defendants like them. The district court also noted that the presentence reports had concluded that possession of a firearm was aberrant behavior on the part of each defendant. The district court sentenced each defendant to 20 months imprisonment, 3 years supervised release and a special assessment of $50.00. The government's motion for reconsideration was denied, and these timely appeals followed.
 
 
 6
 For reversal the government argues the district court erred in granting a downward departure for substantial assistance and sentencing defendants below the statutory mandatory minimum without a government motion pursuant to 18 U.S.C. § 3553(e). Defendants argue the district court has the authority to impose individualized sentences, even if that means sentencing below a statutory mandatory minimum sentence, and that the circumstances, especially their age, lack of a criminal record and their substantial cooperation, supported a downward departure.
 
 
 7
 We agree with the government's argument. After the district court imposed the sentences at issue in this case, this court held in United States v. Rodriguez-Morales, 958 F.2d 1441, 1445 (8th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 375, 121 L.Ed.2d 287 (1992), that the sentencing court can depart below the statutory mandatory minimum sentence only if the government files a motion for such a departure pursuant to 18 U.S.C. § 3553(e). In that case the issue before the court was whether the sentencing court could depart below the statutory mandatory minimum sentence when the government moves for a downward departure for substantial assistance pursuant to Guidelines § 5K1.1 motion and not pursuant to 18 U.S.C. § 3553(e). We determined that § 5K1.1 and § 3553(e) provided for two different types of downward departure and that a § 5K1.1 motion was not the equivalent of a § 3553(e) motion. 958 F.2d at 1444-45. We held, with some reluctance, that, unless the government filed a § 3553(e) motion, the sentencing court did not have the authority to depart below the statutory mandatory minimum. Id. at 1444-45; cf. United States v. Kelley, 956 F.2d 748, 751-57 (8th Cir.1992) (banc) (holding sentencing court cannot depart below applicable guideline range for substantial assistance without government motion pursuant to § 5K1.1).
 
 
 8
 In the present case it is undisputed that the government did not file a § 3553(e) motion. In the absence of a § 3553(e) motion, the district court did not have the authority to sentence defendants below the statutory mandatory minimum sentence of 60 months.
 
 
 9
 Accordingly, we reverse the sentences and remand the cases to the district court with directions to impose a sentence no lower than the statutory mandatory minimum sentence of 60 months.