UNITED STATES of America, Appellee,

v.

Angela JOHNSON, Appellant.

No. 92–3395.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1993.

Decided March 22, 1993.

---

Kenneth H. Gibert, St. Louis, MO, argued, for appellant.

Kenneth R. Tihen, Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGNUSON,* District Judge.

---

* The HONORABLE PAUL A. MAGNUSON, United States District Judge for the District of Minnesota, sitting by designation.

PER CURIAM.

Angela Johnson appeals the sixty-month sentence imposed by the District Court[1] following her guilty plea to possessing with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (1988 & Supp. III 1991). We affirm.

According to the undisputed facts in the Presentence Report (PSR), Johnson was arrested at the St. Louis, Missouri, Greyhound Bus Terminal after Drug Enforcement Administration detectives discovered that she was wanted by the Bel–Ridge, Missouri, Police Department for failure to appear on a traffic summons. In a subsequent search of her carry-on bag, the officers found 983 grams of cocaine. Johnson admitted that she had obtained the cocaine from an individual in California, and was to be paid $1,000 for transporting it to St. Louis.

The PSR set Johnson's base offense level at 26 under sentencing guidelines section 2D1.1(c)(9), United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c)(9) (Nov. 1991) (at least 500 grams of cocaine but less than two kilograms), and recommended reductions for being a minor participant in the offense and for acceptance of responsibility. With a total offense level of 22 and a criminal history category of I, the guidelines range was forty-one to fifty-one months. The PSR noted, however, that Johnson was subject to a mandatory minimum sentence of sixty months under § 841(b)(1)(B). At sentencing, Johnson asked the district court to depart downward from the statutory mandatory minimum sentence. The court determined it had no authority to do so.

Johnson argues on appeal that the district court erred in determining that it had no authority to depart from the statutory mandatory minimum sentence, and that the court's imposition of that sentence violated her Eighth Amendment right against cruel and unusual punishment.

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and West-

We reject Johnson's arguments. Because the government did not file a motion for a downward departure from the statutory mandatory minimum sentence, the district court properly determined that it had no authority to depart. *See* 18 U.S.C. § 3553(e) (1988); *United States v. Hawley,* 984 F.2d 252, 254 (8th Cir.1993). Also, we previously have held that mandatory minimum penalties for drug offenses do not violate the Eighth Amendment's prohibition of cruel and unusual punishments. *United States v. Mendoza,* 876 F.2d 639, 640–41 (8th Cir.1989).

Accordingly, the judgment of the District Court is affirmed.

ern Districts of Missouri.