16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Michael L. BALDWIN, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-2463.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 29, 1993.
Filed: January 10, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Michael L. Baldwin appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 After Baldwin pleaded guilty to conspiracy to distribute over 50 grams of cocaine base in violation of 21 U.S.C. Sec. 846, the district court sentenced him to 84 months imprisonment. The district court timely granted the government's motion to reconsider and resentenced Baldwin to the statutory mandatory minimum sentence of ten years in prison. See Fed. R. Civ. P. 35(c) (court may correct arithmetical, technical, or other clear error within seven days). Baldwin did not take a direct appeal. In this section 2255 motion, he asserted that he was convicted by use of evidence obtained pursuant to an unlawful arrest, that his conviction was obtained by the erroneous use of evidence, and that his conviction violated the Double Jeopardy Clause. In a supplemental memorandum, Baldwin also asserted that his sentence was "harsh and unfair." The district court denied Baldwin's motion. Baldwin timely appealed and now reasserts the grounds he raised below.
 
 
 3
 Baldwin's contentions that his conviction was based on an illegal arrest and on an illegal use of evidence are both non-jurisdictional challenges to his conviction and are waived by his guilty plea. See United States v. Stewart, 972 F.2d 216, 217-18 (8th Cir. 1992). Baldwin's assertion that he was charged by both the state and federal governments for the same offense in violation of the Double Jeopardy Clause is without merit. See United States v. Deitz, 991 F.2d 443, 445 (8th Cir. 1993).
 
 
 4
 The district court's imposition of the statutory mandatory minimum may be harsh, but it is certainly not constitutionally infirm. See United States v. Johnson, 988 F.2d 859, 860 (8th Cir. 1993) (per curiam) (court has no authority to depart below the statutory mandatory minimum absent a government departure motion). We will not consider the remaining arguments as Baldwin raises them for the first time on appeal. See Tramp v. United States, 978 F. 2d 1055, 1056 (8th Cir. 1992) (per curiam).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Joseph E. Stevens, Jr., Chief Judge, United States District Court for the Western District of Missouri