16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Lionel Dale DENMAN, Jr., Appellant.
 No. 93-1808.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 27, 1993.
Filed: January 10, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Lionel Dale Denman appeals his sentence of 120 months imposed by the district court[1] after Denman pleaded guilty to possessing crack with intent to distribute. We affirm.
 
 
 2
 In December 1992 Denman pleaded guilty to one count of knowingly and willfully possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectible amount of cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). By stipulation, Denman agreed that on July 8, 1992, he possessed 84.4 grams of cocaine base having a purity level of 75% that he intended to distribute to one or more individuals. The presentence investigation report (PSR) indicated a base offense level of 32, and recommended a three-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1, resulting in a total offense level of 29. With a criminal history category of I, the Guidelines range was 87 to 108 months; however, a statutory mandatory term of ten years was required under 21 U.S.C. Sec. 841(b)(1)(A)(iii). The court sentenced Denman to 120 months, to be followed by a five-year term of supervised release. The court also ordered Denman to pay a special assessment in the amount of $50.
 
 
 3
 Denman argues that the crack/cocaine distinction in the Guidelines violates the Due Process and Equal Protection Clauses of the Constitution because of the disparate impact it has on minority offenders and that the statutory mandatory sentence was "disparate, counterproductive, disproportionate, and irresponsible."
 
 
 4
 We have previously held that a district court may not depart below the statutory minimum sentence absent a motion from the government under 18 U.S.C. 3553(e). See United States v. Johnson, 988 F.2d 859, 860 (8th Cir. 1993) (per curiam) (district court does not have authority to depart downward from statutory minimum sentence absent section 3553(e) motion by government even if applicable guidelines range is below that of statutory minimum). We have also previously rejected the constitutional arguments that Denman raises. See United States v. Williams, 982 F.2d 1209, 1213 (8th Cir. 1992).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri