16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Christina Marie HERNANDEZ, Appellant.
 No. 93-2741.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 31, 1994.
Filed: February 8, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Christina Marie Hernandez appeals her sentence of 240 months imposed by the District Court[1] after she pleaded guilty to a drug offense. We affirm.
 
 
 2
 In November 1992, Hernandez pleaded guilty to conspiring to distribute five or more kilograms of cocaine from August 1991 to August 1992, in violation of 21 U.S.C. Sec. 846 (1988). The District Court set her base offense level at 34, after finding that the offense involved thirty kilograms of cocaine, and added two points for her role in the offense. See United States Sentencing Commission, Guidelines Manual, Secs. 2D1.1(c)(5), 3B1.1(c)(Nov. 1992). The Court set the sentencing range at 235 to 293 months, increased it to 240 to 293 months because of the twenty-year statutory minimum sentence (based on her prior conviction for a felony drug offense), and sentenced Hernandez to 240 months imprisonment and ten years supervised release.
 
 
 3
 On appeal, Hernandez argues that the twenty-year mandatory minimum sentence constitutes cruel and unusual punishment, the District Court's drug-quantity finding is clearly erroneous, and she is entitled to a two-level reduction for acceptance of responsibility. By agreeing in her plea agreement that she was subject to a mandatory minimum penalty of twenty years imprisonment, however, Hernandez waived any objection to her sentence. See United States v. Durham, 963 F.2d 185, 187 (8th Cir. 1992), cert. denied, 113 S. Ct. 662 (1992). In any event, the sentence does not amount to cruel and unusual punishment. See Harmelin v. Michigan, 111 S. Ct. 2680, 2707 (1991) (Kennedy, J., concurring); United States v. Johnson, 988 F.2d 859, 860 (8th Cir. 1993) (per curiam) (mandatory minimum penalties for drug offenses do not constitute cruel and unusual punishment). The drug-quantity finding did not affect her sentence because she was subject to the twenty-year sentence regardless of her base offense level: she agreed in her objections to the presentence report (PSR) and by a signed statement at sentencing that she was accountable for at least five kilograms of cocaine, and the record shows that she had a prior conviction for a felony drug offense. See 21 U.S.C. Sec. 841(b)(1)(A) (1988 & Supp. IV 1992). Likewise, a reduction for acceptance of responsibility would not have affected her sentence. Cf. United States v. Nash, 929 F.2d 356, 359-60 (8th Cir. 1991) (any error in considering unreliable information in PSR was harmless, even if information increased defendant's criminal history score, because it did not affect defendant's sentence).
 
 
 4
 Accordingly, the sentence is affirmed.
 
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri