UNITED STATES of America,
Appellant/Cross–Appellee,

v.

Luisa WARD, Appellee/Cross–Appellant.

Nos. 93–2829, 93–2853.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1994.

Decided April 8, 1994.

Judith White, Dallas, TX, argued, for appellant.

Charles Ambrose, Jr., Asst. U.S. Atty., Kansas City, MO, argued, for appellee.

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and STROM,* District Judge.

---

* The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Defendant appeals from her conviction for conspiring to distribute cocaine. *See* 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(ii), § 846. She was sentenced to six years' confinement. She contends that the evidence was insufficient to sustain the jury's verdict and that the trial court committed two errors in its instructions to the jury. The government also appeals, contending that the trial court's refusal to apply 21 U.S.C. § 841(b)(1)(A)(ii), which provides for a minimum sentence of ten years, was error. We affirm the conviction, vacate the sentence, and remand the case for resentencing.

## I.

■ Defendant's contention that the evidence was insufficient to convict her is meritless. Sam Cavallaro, an admitted drug dealer, testified that she assisted in making arrangements for drug shipments to him, accepted money from him for doing so, and even arranged to have drugs pass through airports undetected. There was evidence, moreover, that she paid the bills of the drug enterprise and that large amounts of cash associated with it passed through her bank account. Under the circumstances, we can hardly say that no reasonable jury could have found her guilty beyond a reasonable doubt. *See, e.g., United States v. Marin–Cifuentes,* 866 F.2d 988, 992–93 (8th Cir. 1989).

■ The alleged errors in instructing the jury can be shortly dealt with. Defendant complains, first, about the instruction that prior consistent statements of certain witnesses could be considered "as evidence of the truth of the matters contained in" them. Defendant asserts that this direction improperly emphasized a particular piece of evidence and improperly commented on the weight to be given the relevant testimony. We reject this contention. The instruction was an unarguably correct statement of the law and the jury was entitled to know what the law was. *See, e.g., United States v. Red Feather,* 865 F.2d 169, 171 (8th Cir.1989) (*per curiam*). Second, defendant complains that the trial court improperly instructed the jury

that false exculpatory statements by her could be considered as evidence of "a consciousness of guilt on her part." We find this statement of law unexceptionable. *See, e.g., United States v. Penn,* 974 F.2d 1026, 1028–29 (8th Cir.1992).

There being no error in the trial, we affirm the conviction.

## II.

■ The trial court determined at sentencing that the defendant should be held responsible for the distribution of five kilograms of cocaine, a finding that, to say the least, was charitable in view of the evidence, but one from which the government does not appeal. The government does maintain, however, that the trial court erred in fixing a sentence of six years' confinement. We agree. The relevant statutes provide a minimum sentence of ten years for conspiring to distribute five kilograms or more of cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(ii), § 846. Since the government did not file a motion under 18 U.S.C. § 3553(e), the trial court had no authority to deviate from the mandatory minimum sentence provided for in this case. *See, e.g., United States v. Hawley,* 984 F.2d 252, 254 (8th Cir.1993).

## III.

For the reasons indicated, we affirm defendant's conviction and remand the case to the trial court with instructions to enter a sentence of at least ten years' confinement.