No. 96-1131

United States of America,              *
                                       *
          Appellee,                    *
                                       *  Appeal from the United States
     v.                                *  District Court for the
                                       *  Southern District of Iowa.
Jose Antonio Mejia,                    *
                                       *     [UNPUBLISHED]
          Appellant.                   *


                    Submitted:  July 1, 1996

                       Filed:  July 8, 1996


Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.


PER CURIAM.


     Jose Antonio Mejia pleaded guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The district court[1] found Mejia ineligible for sentencing under the "safety valve" provision of 18 U.S.C. § 3553(f) (1994) (U.S.S.G. § 5C1.2 (1995)), and thus sentenced him to the 120-month mandatory minimum sentence.  Mejia appeals.

     Under the "safety valve" exception to statutory minimum sentences, a drug defendant may be sentenced within the otherwise applicable Guidelines range if, among other things, the defendant provides the government with "all information and evidence the defendant has concerning the offense . . ., but the fact that the defendant has no relevant or useful other information to provide or

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement."  18 U.S.C. § 3553(f)(5) (1994); U.S.S.G. § 5C1.2(5) (1995). We conclude the district court did not clearly err in finding that Mejia-- by refusing to provide the government with all the information he possessed--failed to fulfill the requirements of section 3553(f)(5).  See United States v. Romo, 81 F.3d 84, 86 (8th Cir. 1996) (standard of review). We reject Mejia's argument that the provision requires an initial inquiry into whether the defendant has relevant or useful information.  See United States v. Arrington, 73 F.3d 144, 148 (7th Cir. 1996) (safety-valve provision intended to benefit defendants who wished to cooperate and did in fact cooperate, but simply had no new information to provide); United States v. Acosta-Olivas, 71 F.3d 375, 379 (10th Cir. 1995) (§ 3553(f)(5) requires defendant to tell government all he knows regardless of whether information is useful).

We also reject Mejia's argument that the ten-year mandatory minimum sentence here was violative of the Eighth Amendment.  See United States v. Johnson, 988 F.2d 859, 860 (8th Cir. 1993) (per curiam) (mandatory minimum penalties for drug offenses do not constitute cruel and unusual punishment).  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-