122 F.3d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Carmelita YAGO, Defendant-Appellant.
 No. 96-10493.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 15, 1997.
Decided Sept. 4, 1997.
 
 1
 Appeal from the United States District Court for the District of Hawaii, Helen Gillmor, District Judge, Presiding.
 
 
 2
 Before: TASHIMA and THOMAS, Circuit Judges, and SEDWICK,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Carmelita Yago appeals her conviction for conspiracy to distribute and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).
 
 
 5
 An unclaimed suitcase searched pursuant to a warrant and found to contain d-methamphetamine was delivered to Yago after she presented a claim check for the bag. After being taken into custody, Yago explained that the bag belonged to a friend whom she had met three weeks earlier. On November 14, 1994, Eugene Kang arrived in Honolulu and was arrested when he tried to claim the bag.
 
 
 6
 On January 18, 1995, co-conspirator Rodolfo Pepito was arrested. Prior to his arrest, Eve Ravelo, the sister of codefendant Redentor Ravelo, came forward and agreed to assist the government in obtaining information from Pepito. During a taped conversation, Pepito indicated that Yago was involved with Ernest Aro in distributing drugs.
 
 
 7
 At trial, Pepito testified that in November 1994, he, Aro, Kang, and Yago met in Hawaii to discuss bringing methamphetamine from Los Angeles. After cross-examination of Pepito, pursuant to Fed.R.Evid. 801(d)(1)(B), the government sought admission of portions of the taped conversation showing consistent statements made to Eve by Pepito prior to his acquiring a motive to fabricate, which indicate that Yago was involved with Aro in distributing drugs. Yago requested that additional portions of the conversation be presented to show the jury Pepito's bias against her. The district court admitted the statements.
 
 
 8
 Because the tape-recorded conversation was conducted in Tagalog, the parties agreed to use an English transcript which provided an English translation of the conversation between Pepito and Eve. The parties also agreed to have a law clerk for the district court read the role of Pepito and an extern for the government read the role of Eve. Prior to the reading, the jury was instructed that the prior consistent statements could be considered on the issue of credibility and as substantive evidence.
 
 
 9
 After receiving a communication from the jury requesting the transcript and tape recording of the conversation between Eve and Pepito, the court reconvened with counsel to discuss a response. During the hearing, the parties agreed that the court should instruct the jury to rely on their "collective recollection" and advise that the testimonial evidence is substantive evidence. Before going off record, the district court judge stated, "Okay. I think I have the essence of what you're saying. I will put it into something very short...." The judge then drafted the instruction and sent it to the jury. Neither counsel had the opportunity to inspect the jury instruction before it was sent to the jury. The instruction read as follows:
 
 
 10
 The members of the jury are instructed to rely upon their collective recollection of the reading of the transcript of the tape-recorded conversation between Mr. Pepito and Ms. Ravelo, which can be considered as evidence of the truth of the matters contained therein.
 
 
 11
 The jury returned with guilty verdicts later that same day.
 
 
 12
 On July 1, 1996, a hearing was held on Yago's motion for a new trial. Yago argued that the definition of substantive evidence included in the court's response to the jury request was erroneous. The district court, relying on United States v. Ward, 21 F.3d 264 (8th Cir.1994), denied the motion.
 
 
 13
 When an adequate objection to jury instructions is not made, we review jury instructions for plain error only. United States v. Payne, 944 F.2d 1458, 1463 (9th Cir.1991), cert. denied, 503 U.S. 975 (1992). When a proper objection is made, this court reviews a district court's formulation of jury instructions for abuse of discretion. United States v. Chastain, 84 F.3d 321, 323 (9th Cir1996). Fed.R.Crim.P. 30 provides for an opportunity to object before an instruction is given. Although this is a criminal proceeding, we find Rule 46 of the Federal Rules of Civil Procedure instructive. It provides that if a party has no opportunity to object to a ruling at the time it is made, the absence of an objection will not thereafter prejudice the party. Because Yago's counsel was not given the opportunity to object to the instruction before it was given to the jury, this court will review the instruction for an abuse of discretion.
 
 
 14
 Yago argues that the court emphasized the "truth" of Pepito's statements by improperly instructing the jury on the definition of substantive evidence. Yago focuses on the judge's use of the word "can" instead of "may" in the instruction. Yago claims that by using the word "can," rather than "may," the court directed the jury to accept Pepito's statements as truthful. Relying on Black's Law Dictionary (6th ed.1990) and Ballantine's Law Dictionary (3d ed.1969), Yago asserts that "can" is not the equivalent of "may." The authority cited by Yago explains that "can" is often used interchangeably with "may" and sometimes is confused with "may."
 
 
 15
 While the jury instruction would have been grammatically superior had the district judge used the word "may" instead of "can," the instruction did not suggest that the district court believed the statements to be true, nor did it instruct the jurors to consider Pepito's remarks as true. The instruction did not emphasize the "truth" of Pepito's statements; it merely informed the jury that it could consider the prior consistent statements as substantive evidence. Challenges which pertain to the trial judge's language or formulation of the charge are reversible only for an abuse of discretion. United States v. Marabelles, 724 F.2d 1374, 1382-83 (9th Cir.1984). The use of the word "can" rather than "may" was not an abuse of discretion.
 
 
 16
 Yago also claims that the court usurped the jury's function by responding to the jury communication with an instruction that was nonresponsive and misleading. Yago made no objection when the government requested the jury be advised that Pepito's prior consistent statements could be viewed as substantive evidence. In fact, Yago acknowledged that Pepito's prior consistent statements were properly admitted as substantive evidence. See Fed.R.Evid. 801(d)(1)(B). The district court's instruction was responsive and not misleading as explained above. There is no merit to Yago's argument that the court usurped the jury's function.
 
 
 17
 Yago also contends that the court created the impermissible appearance of endorsing the credibility of Pepito's statements by informing the jury that the reader of Pepito's part was the court's law clerk. Yago did not object to the use of the court's law clerk as the reader of Pepito's statements. The decision to identify the reader was not a plain error.
 
 
 18
 The judgment of the district court is AFFIRMED.
 
 
 
 **
 The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3