# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2557

_____

United States of America,             *
                                      *
            Appellee,                 *
                                      *
      v.                              *
                                      *
Robert Earl Rush,                     *
                                      *
            Appellant.                *


      _____                     Appeals from the United States
                                      District Court for the Western
No. 00-2765                           District of Missouri.
      _____
                                      [PUBLISHED]
United States of America,             *
                                      *
            Appellant,                *
                                      *
      v.                              *
                                      *
Robert Earl Rush,                     *
                                      *
            Appellee.                 *

                   _____

            Submitted: January 9, 2001

            Filed: January 19, 2001

                   _____

Before RICHARD S. ARNOLD, FAGG, and BOWMAN, Circuit Judges.
_____

PER CURIAM.

Robert Earl Rush permitted others to manufacture methamphetamine in his garage in exchange for part of the proceeds, and supplied some of the precursor materials. A jury convicted him of conspiracy to manufacture and distribute methamphetamine, and aiding and abetting its manufacture. The district court sentenced Rush to 135 months in prison.

On appeal, Rush contends the district court committed error in allowing the Government to dismiss, on the morning of trial, a count charging him with maintaining a premises for manufacturing drugs. Rush believes the Government dismissed the lesser count to gain a strategic advantage. Federal Rule of Criminal Procedure 48(a) states the Government "may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate," but the dismissal may not be filed during the trial without the defendant's consent. Here, the dismissal occurred before jury selection, so the district court could grant the motion without Rush's consent. We conclude the district court did not abuse its discretion in granting the motion. Indeed, the district court had to grant the motion unless the dismissal "would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." United States v. Goodson, 204 F.3d 508, 512 (4th Cir. 2000). The Government's alleged strategic decision to dismiss the lesser charge does not rise to the level of bad faith.

Rush also asserts the district court committed error in admitting evidence that he had been convicted in 1987 of amphetamine possession. Federal Rule of Evidence 404(b) provides a district court may admit evidence of other crimes to prove, among other things, motive, intent, and absence of mistake. See United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995). To be admissible under Rule 404(b), "evidence must

be '(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged.'" Id. (quoted case omitted). A district court has broad discretion to admit evidence of other crimes, and we reverse only when it is clear the evidence has no bearing on the case. See id. We conclude the district court did not abuse its discretion in admitting evidence of Rush's earlier conviction for amphetamine possession. The evidence helped refute Rush's defenses of lack of knowledge of contraband, lack of specific intent, and a general denial. The evidence also helped to explain Rush's motive for entering the conspiracy and to rebut the suggestion of his mere presence at the scene. Rush contends the earlier drug conviction lacks similarity to the charged offenses and is too remote in time. We disagree. The offenses are similar enough to support an inference of criminal intent, and not too remote in time to have probative value. See id.

In its cross appeal, the Government contends Rush should have received the statutory minimum sentence of 240 months. The applicable penalty statute, 21 U.S.C. § 841(b)(1)(A)(viii) (Supp. IV 1998), provides that a person who manufactures 50 grams or more of methamphetamine after an earlier conviction for a felony drug offense has become final "shall be sentenced to a term of imprisonment which may not be less than 20 years." The Government filed notice under 21 U.S.C. § 851 alerting the district court and Rush to the existence of an earlier felony drug conviction. At sentencing, Rush admitted the earlier conviction, and the district court found 70.85 grams of methamphetamine were attributable to Rush. Rather than imposing the statutory minimum sentence, however, the district court imposed a sentence within the guidelines range of 135-168 months. Because the Government did not file a motion under 18 U.S.C. § 3553(e), the district court lacked authority to depart from the mandatory minimum sentence. See United States v. Ward, 21 F.3d 264, 265 (8th Cir. 1994). Rush argues the sentence is proper because Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), requires his earlier conviction to be found by a jury. On the contrary, Apprendi holds, "Other than the fact of a prior conviction, any fact that increases the

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 2362-63 (emphasis added). Thus, Apprendi does not apply, and the district court committed error in failing to impose the mandatory minimum sentence of twenty years in prison.

We affirm Rush's conviction, but reverse and remand for resentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.