# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3532

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Luis Santiago Ramirez-Gil, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 20, 2001
Filed: March 30, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Luis Santiago Ramirez-Gil pleaded guilty to illegally re-entering the United States after deportation, in violation of 8 U.S.C. § 1326(a). His sentence was enhanced under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A) because he had previously been deported after being convicted of an aggravated felony. The District Court[1] sentenced him to 46 months imprisonment and 3 years supervised release.

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

Ramirez-Gil argues that <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000), required the government to charge the fact of his prior aggravated-felony conviction in the indictment. <u>Apprendi</u>, Ramirez-Gil argues, overruled <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), which had held that an earlier aggravated-felony conviction is a sentencing factor under 8 U.S.C. § 1326(b) that need not be charged as an element of the offense. <u>Apprendi</u>, however, held that "<u>other than the fact of a prior conviction</u>, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt." 120 S. Ct. at 2362-63 (emphasis added). The <u>Apprendi</u> Court also explicitly declined to overrule <u>Almendarez-Torres</u>. <u>Id.</u> at 2362. Likewise, we decline to read <u>Apprendi</u> as disturbing the holding of <u>Almendarez-Torres</u>. <u>See</u> <u>United States v. Rush</u>, 240 F.3d 729, 731 (8th Cir. 2001) (noting that <u>Apprendi</u> does not apply to fact of prior conviction); <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926, 932 n.4 (8th Cir.) ("In <u>Apprendi</u>, the Court left <u>Almendarez-Torres</u> untouched"), <u>cert. denied</u>, 121 S. Ct. 600 (2000)).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.