# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2778

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | Appeal from the United States |
| Appellee, | * | District Court for the Southern |
| | * | District of Iowa. |
| vs. | * | |
| | * | [UNPUBLISHED] |
| Darren Littlejohn, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2001
Filed: May 8, 2001

_____

Before MORRIS SHEPPARD ARNOLD and HEANEY, Circuit Judges, and
BATTEY,[1] District Judge.

_____

PER CURIAM.

Darren Littlejohn (Littlejohn) pleaded guilty to two counts of distribution of
cocaine base in violation of 21 U.S.C. § 841(a)(1).  On June 29, 2000, following

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District
of South Dakota, sitting by designation.

several sentencing hearings and a court ordered medical evaluation, the district court[2] sentenced Littlejohn to 262 months in prison. Littlejohn raises several issues on appeal, and we affirm.

First, Littlejohn contends that because the district court failed to ask him at sentencing whether he affirmed or denied his previous conviction in accordance with 21 U.S.C. § 851(b), it was error for the court to enhance his sentence due to this previous conviction. This argument is without merit.

Our review of the record shows that the government served Littlejohn with an information and notice of prior conviction on October 13, 1999. See Joint Appendix at 26. After receiving this notice, Littlejohn failed to file a written denial of the prior conviction as is required by § 851(c)(1), and later declined to object to the inclusion of his previous conviction in the presentence report. Even now, Littlejohn does not argue that this convictions was invalid. In view of the government's notice, as well as Littlejohn's failure to file a written objection, we are satisfied that any error resulting from the district court's omission under § 851(b) was at most harmless error. See United States v. Rounsavall, 115 F.3d 561, 566 (8th Cir. 1997) ("All courts of appeals which have considered the question presently hold that failure to engage in the colloquy required by section 851(b) is subject to 'harmless error' analysis") (internal quotations omitted) (quoting United States v. Romero-Carrion, 54 F.3d 15, 18 (1st Cir. 1995)).

Littlejohn next argues that his sentence was unconstitutionally and illegally imposed pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). In Apprendi, the Supreme Court held that any fact, other than a prior conviction, that "increases the penalty for a crime beyond the prescribed statutory

---

[2]The Honorable Charles R. Wolle, United States District Judge for Southern District of Iowa.

maximum" must be included in the indictment and proven to the jury beyond a reasonable doubt. 530 U.S. at 489-90, 120 S. Ct. at 2362-63. This principle governs penalties for drug offenses listed in 21 U.S.C. § 841(a). See United States v. Aguayo-Delgado, 220 F.3d 926, 930, 934 (8th Cir.), cert. denied, --- U.S. ----, 121 S. Ct. 600, 148 L. Ed. 2d 513 (2000). Thus, if an indictment or jury verdict fails to specify the quantity of drugs involved, sentencing is limited by 21 U.S.C. § 841(b)(1)(C), which provides a statutory maximum penalty of twenty years or, if the defendant has a prior felony drug conviction (as in this case), thirty years. See id. at 930. Because Littlejohn's sentence of 262 months (21.8 years) does not exceed the 30 year statutory maximum provided in § 841(b)(1)(c), his sentence need not be redetermined under Apprendi. See id. at 934; United States v. McIntosh, 236 F.3d 968, 975 (8th Cir. 2001).

Finally, Littlejohn's contention that Apprendi requires the indictment to have contained notice of his previous felony conviction is similarly without merit. The Court in Apprendi specifically excluded enhancements resulting from previous convictions from its holding. 530 U.S. at 489-90, 120 S. Ct. at 2362-63; see also United States v. Rush, 240 F.3d 729, 731 (8th Cir. 2001). Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.