# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 01-3674

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Joseph B. Sprofera, | * | |
| also known as Old Man Joe, | * | [PUBLISHED] |
| also known as One-eyed Joe, | * | |
| also known as Dago Joe, | | |
| | | |
| Appellant. | | |

_____

Submitted: May 14, 2002
Filed: July 26, 2002

_____

Before HANSEN, Chief Judge, MORRIS SHEPPARD ARNOLD, Circuit Judge, and PRATT,[1] District Judge.

_____

HANSEN, Chief Judge.

Joseph Sprofera appeals his conviction for conspiracy to manufacture and distribute 100 grams or more of methamphetamine in violation of 21 U.S.C. § 846

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

and 21 U.S.C. § 841(a)(1) and (b)(1)(A). He raises three challenges to his conviction. Sprofera asserts that the district court erred in granting the government's motion to dismiss certain counts of the indictment. He also claims that 21 U.S.C. §§ 846 and 841 are unconstitutional in light of United States v. Lopez, 514 U.S. 549, 561 (1995) (holding that Gun Free School Zones Act exceeded Congress's commerce power), United States v. Morrison, 529 U.S. 598, 617 (2000) (finding unconstitutional a provision of the Violence Against Women Act), and Jones v. United States, 529 U.S. 848, 857-58 (2000) (holding that federal arson statute does not encompass burning of owner-occupied residence not used for any commercial activity). Finally, Sprofera argues that 21 U.S.C. §§ 846 and 841 are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (holding that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt). Finding no merit in Sprofera's arguments, we affirm the judgment of the district court.[2]

Sprofera first argues that the district court erred in dismissing counts two, three, and four of the indictment which charged Sprofera with manufacturing 50 grams or more of methamphetamine and with possessing and conspiring to possess and distribute iodine knowing and having reasonable cause to believe it would be used to manufacture methamphetamine. He argues that these counts should not have been dismissed because the government only sought dismissal to gain a strategic advantage over him. Although we are unsure what harm, if any, befell Sprofera when the district court dismissed the last three counts of the government's four-count indictment, we conclude that his argument lacks any merit.

---

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

We review the district court's decision to grant the motion to dismiss the charges for an abuse of discretion. United States v. Rush, 240 F.3d 729, 730 (8th Cir. 2001); United States v. Strayer, 846 F.2d 1262, 1265 (10th Cir. 1988). Federal Rule of Criminal Procedure 48 states that the government "may by leave of court file a dismissal of an indictment . . . . Such a dismissal may not be filed during the trial without the consent of the defendant." Fed. R. Crim. P. 48(a) (2002). On the morning of trial, prior to jury selection, the government sought leave to dismiss counts two, three, and four to simplify and streamline the presentation of its case to the jury. The district court granted the motion and dismissed the charges. The government then presented its case on the remaining count–conspiracy to manufacture and distribute 100 grams or more of methamphetamine–and the jury convicted Sprofera on this count. Because the dismissal occurred before jury selection, the district court correctly concluded that it could grant the motion with or without Sprofera's consent. Rush, 240 F.3d at 730. Indeed, in these circumstances, we have concluded that "the district court had to grant the motion unless the dismissal would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." Id. at 231 (internal quotation omitted).

There is no indication that the government acted in bad faith. The purpose of Rule 48 is to enhance the fair administration of criminal justice and to prevent the government from harassing the defendant by repetitively charging, dismissing, and then recharging the defendant. Strayer, 846 F.2d at 1265. The government's action in this case does not implicate those concerns. In this case, the government did not seek to delay the trial, charge the defendant with different crimes, manipulate the jury, or otherwise harass the defendant. Instead, the government merely sought to clarify its presentation to the jury. This motive has no implications of bad faith which would have required that the district court deny the motion to dismiss. Rush, 240 F.3d at 731 (concluding that alleged strategic decision did not rise to the level of bad faith).

3

Accordingly, we conclude that the district court did not abuse its discretion in granting the government's motion.

We also reject Sprofera's argument that absent proof of a substantial nexus between him and interstate commerce, 21 U.S.C. §§ 841 and 846 are unconstitutional exercises of Congress's Commerce Clause power. We have repeatedly affirmed Congress's ability to regulate both the interstate and the intrastate manufacture and distribution of controlled substances under its commerce power. See United States v. Davis, 288 F.3d 359, 361-62 (8th Cir. 2002) (rejecting argument that Controlled Substances Act is unconstitutional in light of Lopez, Morrison, and Jones); United States v. Peck, 161 F.3d 1171, 1174 (8th Cir. 1998); United States v. Patterson, 140 F.3d 767, 772 (8th Cir.), cert. denied, 525 U.S. 907 (1998). Moreover, Sprofera does not dispute the fact that his illegal activities spanned the states of Kansas, Missouri, and Oklahoma. Accordingly, we find no merit in Sprofera's argument.

Sprofera also makes a facial challenge to §§ 841 and 846 in light of Apprendi. He argues that because Congress intended drug quantity to be a sentencing factor determined by a judge and because § 841(a) prescribes no penalty absent a determination of drug quantity and type, then § 841 cannot constitutionally serve as the basis for a criminal conviction. Although we have not passed on these particular issues, our sister circuits have unanimously rejected these arguments. See United States v. Lopez-Lopez, 282 F.3d 1, 22-23 (1st Cir.) (rejecting facial challenge to 21 U.S.C. § 841 and concluding that sentence is valid "so long as there is no Apprendi violation in the course of its implementation"), cert. denied, No. 01-10373, 2002 WL 1174361 (June 24, 2002); United States v. Outen, 286 F.3d 622, 636 (2d Cir. 2002) ("To the extent that defendant is arguing that we cannot reconcile a construction of § 841 which requires drug quantity to be an offense element with Congress's intent to make drug quantity a sentencing factor, we reject the argument. Simply put, Congress has expressed no such intent."); United States v. Kelly, 272 F.3d 622, 624 (3d Cir. 2001) (rejecting facial challenge to § 841 in light of Apprendi); United States

v. McAllister, 272 F.3d 228, 232 (4th Cir. 2001) (holding § 841 is not facially unconstitutional in light of Apprendi because no language in § 841 "purports to prescribe a process by which the elements of the crime and other relevant facts must be determined"); United States v. Slaughter, 238 F.3d 580, 582 (5th Cir.) (rejecting facial challenge to § 846 and § 841(a) and (b)), cert. denied, 532 U.S. 1045 (2001); United States v. Martinez, 253 F.3d 251, 256 n.6 (6th Cir. 2001) (concluding that challenge to constitutionality of § 841 "rests on an untenably broad and erroneous reading of Apprendi"); United States v. Buckland, 289 F.3d 558, 567 (9th Cir.) (en banc) (rejecting facial challenge to § 841 and concluding that "[t]he simple fact is that it has been the judiciary, not Congress, which allocated the responsibility for determining drug quantity under § 841 to the courts" and that the defendant failed "to identify any persuasive legislative history that shows Congress clearly intended the procedure he now attacks as unconstitutional"), cert. denied, 122 S. Ct. 2314 (2002); United States v. Cernobyl, 255 F.3d 1215, 1219 (10th Cir. 2001) (concluding that Apprendi is not inconsistent with § 841); United States v. Candelario, 240 F.3d 1300, 1311 n.16 (11th Cir.) (finding facial challenge to § 841 to be without merit), cert. denied, 533 U.S. 922 (2001).

The Seventh Circuit's treatment of this issue in United States v. Brough, 243 F.3d 1078 (7th Cir.), cert. denied, 122 S. Ct. 203 (2001), is particularly compelling. The Brough Court wrote that:

> [i]f Congress had specified that only judges may make the findings required by § 841(b), or that these findings must be made by a preponderance of the evidence, then § 841 would create a constitutional problem. But the statute does not say who makes the findings or which party bears what burden of persuasion. Instead the law attaches effects to facts, leaving it to the judiciary to sort out who determines the facts, under what burden. It makes no constitutional difference whether a single subsection covers both elements and penalties, whether these are divided across multiple subsections (as § 841 does), or even whether they are scattered across multiple statutes (see 18 U.S.C.§§ 924(a),

1963). <u>Apprendi</u> holds that the due process clauses of the fifth and fourteenth amendments make the jury the right decisionmaker . . . and the reasonable-doubt standard the proper burden, when a fact raises the maximum lawful punishment. How statutes are drafted, or implemented, to fulfil that requirement is a subject to which the Constitution does not speak.

<u>Id.</u> at 1079. We are persuaded by the reasoning of our sister circuits and conclude that 21 U.S.C. §§ 846 and 841 are not facially unconstitutional in light of <u>Apprendi</u>.

Because we have found no merit in any of Sprofera's arguments, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6