exceeded the statutory maximum by ten years. 232 F.3d at 545. Here, Martinez's sentence exceeds the statutory maximum by twelve and a half years and Sauceda's sentence exceeds the statutory maximum by fifteen years.[5] Because the *Apprendi* error clearly affected the outcome of the case, we exercise our discretion to notice the plain sentencing error and vacate both sentences and remand for resentencing.[6]

## IV.

Because the *Apprendi* error affected Appellants' substantial rights and undermined the fairness of the proceedings, we **VACATE** their respective sentences and **REMAND** for resentencing.

---

[5]Sauceda was sentenced to a term of 240 months (20 years) on both the conspiracy and possession counts to be served concurrently. The prescribed statutory maximum for each count is five years under 21 U.S.C. § 841(b)(1)(D). On remand, even if the district court opts to run the sentences for both counts consecutively, the total punishment that will result is 10 years, which is less than Sauceda's current 20 year sentence. Clearly, Sauceda's substantial rights were affected by the *Apprendi* error. *Cf. United States v. Taylor*, No. 99-1557, 2001 WL 392000, at *5 (6th Cir. Apr. 11, 2001) (finding no prejudice where defendant who was convicted on multiple counts would receive same overall sentence on remand) (unpublished).

[6]We decline Appellants' invitation to find that 21 U.S.C. § 841 is unconstitutional in light of the Supreme Court's decision in *Apprendi*. Appellants argue that the drug statute is unconstitutional because Congress intended for drug quantity to be a sentencing factor; whereas, *Apprendi* requires drug quantity to be submitted to the jury for poof beyond a reasonable doubt. The Appellants' argument rests on an untenably broad and erroneous reading of *Apprendi*. The Supreme Court in *Apprendi* expressly declined to overrule its earlier holding that sentencing factors may be used to increase the penalty for an offense under a preponderance of the evidence standard. *See* 120 S.Ct. at 2361, n.13. Rather, *Apprendi* only requires those sentencing factors that increase the penalty *beyond the statutory maximum* to be submitted for proof beyond a reasonable doubt. *Id* at 2362-63 (emphasis added).

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0194P (6th Cir.)
File Name: 01a0194p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

                       Nos. 99-2025/2027

JUAN ANTONIO MARTINEZ
(99-2025); JUAN ARMANDO
SAUCEDA (99-2027),
    *Defendants-Appellants.*

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
No. 98-81107—Paul V. Gadola, District Judge.

Argued: January 30, 2001

Decided and Filed: June 14, 2001

Before: JONES and COLE, Circuit Judges; NUGENT,[*]
District Judge.

---

[*] The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

---

### COUNSEL

---

**ARGUED:** Robert J. Dunn, Bay City, Michigan, Joan Ellerbusch Morgan, Troy, Michigan, for Appellants. David J. Debold, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Robert J. Dunn, Bay City, Michigan, Joan Ellerbusch Morgan, Troy, Michigan, for Appellants. David J. Debold, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, Janet L. Parker, ASSISTANT UNITED STATES ATTORNEY, Bay City, Michigan, for Appellee.

---

### OPINION

---

NATHANIEL R. JONES, Circuit Judge. This case is an appeal by Juan Martinez and Juan Sauceda from their convictions and sentences stemming from their involvement in a drug conspiracy. Although Appellants raise a number of issues on appeal, the only claims that merit discussion are (1) Sauceda's claim that the prosecution engaged in improper vouching/bolstering, and (2) Appellants' claim that their sentences violate *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d. 435 (2000).

### I.

In February 1998, the Drug Enforcement Agency ("DEA"), based on their belief that Juan Sauceda was involved in marijuana sales, attempted to set up delivery of 400 pounds of marijuana to Sauceda. Juan Reyes, Ronald Carboni (an informant), and undercover DEA Agent Freeman met with Sauceda to discuss marijuana trafficking. They went to Sauceda's hotel in Birch Run, Michigan, where he examined two different samples of marijuana. Sauceda declined to purchase the marijuana, citing its poor quality. Sauceda was later arrested at a hotel in Auburn Hills, Michigan.

review are: (1) there must be an error; (2) the error must be plain; (3) the error must affect the Appellants' substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. *See Johnson v. United States*, 520 U.S. 461, 467, 117 S. Ct. 1544, 1549, 137 L. Ed. 2d. 718 (1997).

The Supreme Court established in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2362-63. The prescribed statutory maximum for trafficking in an undetermined amount of marijuana is five years. *See* 21 U.S.C. § 841 (b)(1)(D).[4] Martinez's sentence of 210 months (17.5 years)--based in part on the district court's finding of a drug quantity by a preponderance of the evidence--exceeds the five year statutory maximum and thus represents a clear violation of *Apprendi*. For the same reason, Sauceda's sentence of 240 months (20 years) also violates *Apprendi*. It is clear that the district court's sentencing of both Martinez and Sauceda constitutes plain error.

Appellants must also demonstrate that the error affected their substantial rights and undermined the fairness of the proceedings. *See Johnson*, 520 U.S. at 467. In *United States v. Page*, the Sixth Circuit found that the defendant's "substantial rights were affected and the fairness of the proceedings was undermined" where the defendant's sentence

---

[4] 21 U.S.C. § 841(b)(1)(D) also provides for a statutory maximum of ten years if the defendant has a prior felony drug conviction. The Government argues that the ten year statutory maximum applies to Sauceda's sentence in light of his prior felony drug conviction. The Government overlooks 21 U.S.C. § 851 which provides that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court. . . ." The Government did not file such an information before trial, thus, it can not now rely on Sauceda's prior conviction to increase his sentence under § 841(b)(1)(D).

comments were improper, a defendant must show that the impropriety was so flagrant that it required reversal because only a retrial could correct the error. *Id*. at 552. The standard for determining flagrancy is: (1) whether the statements tended to mislead the jury or prejudice the defendant; (2) whether the statements were isolated or among a series of improper statements; (3) whether the statements were deliberately or accidently before the jury; and (4) the total strength of the evidence against the accused. *Id* at 549-550; *United States v. Monus,* 128 F.3d 376, 394 (6th Cir. 1997). In this case, the improper bolstering involved only one isolated comment and does not rise to the level of flagrancy. Furthermore, given the overwhelming evidence in support of Sauceda's conviction, the improper bolstering does not merit a reversal. *See Francis*, 170 F.3d at 550 (finding that to reverse a conviction because of a non-flagrant statement, a reviewing court must determine that the proof of the defendant's guilt is not overwhelming). Accordingly, we find that the improper bolstering does not amount to prejudicial error.

Sauceda raises a number of other issues, all of which are without merit.[3]

### III.

Appellants argue that their sentences should be vacated pursuant to the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d. 435 (2000). Appellants did not raise timely objections on the *Apprendi* issue, and therefore we review their *Apprendi* claims for plain error. *See United States v. Page*, 232 F.3d 536, 543-544 (6th Cir. 2000). The four prongs of plain error

---

[3]The district court did not abuse its discretion in admitting, under Fed. R. Evid. 801 (d)(2)(E), statements of the co-conspirators which were made in furtherance of the conspiracy. Also, the district court's findings of fact with regard to the obstruction of justice enhancement (U.S.S.G. § 3C1.1) and the role in the offense enhancement (U.S.S.G. § 3B1.1) were not clearly erroneous.

Subsequent to the arrest, the police located and searched three storage units rented by Sauceda. One unit contained approximately 282 pounds of marijuana.

In the meantime, Juan Reyes and Carboni returned to the Houston, Texas area, where Juan Martinez arranged for 315 pounds of marijuana to be delivered to Reyes' residence. Juan Martinez was later arrested at his home in Houston, Texas. During the search of Martinez's home, officers found 47 pounds of marijuana.

Juan Martinez and Juan Sauceda were indicted in the Eastern District of Michigan along with four other co-defendants. Martinez and Sauceda were charged with conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. Sauceda was also charged with possession with the intent to distribute in violation of 21 U.S.C. § 841 (a)(1). A jury found Martinez and Sauceda guilty of conspiracy to distribute marijuana. The jury also found Sauceda guilty of possession with the intent to distribute. The district court found by a preponderance of the evidence that Martinez was responsible for 1568.55 kg of marijuana and sentenced him to 210 months, based in part on that finding.[1] The district court found by a preponderance of the evidence that Sauceda was responsible for 1661 kg of marijuana. Based in part on that finding, the district court sentenced Sauceda to a term of 240 months on both the conspiracy and possession counts, to be served concurrently.[2]

---

[1]Based on the quantity of drugs attributed to Martinez, the court found that Martinez's base offense level was 32 pursuant to U.S. Sentencing Guideline Manual § 2D1 (a)(3)(c)(4) (1998). The court enhanced his offense level by two levels pursuant to § 2D1.1(b)(1) for possession of a dangerous weapon, for a total offense level of 34. The court found that Martinez was in criminal history category II, which, combined with the total offense level, produced a sentencing range of 168-210 months.

[2]Based on the quantity of drugs attributed to Sauceda, the court found that Sauceda's base offense level was 32 pursuant to U.S.S.G. § 2D1 (a)(3)(c)(4). The district court enhanced his offense level by two

## II.

Sauceda argues on appeal that the prosecutor improperly vouched for and bolstered the testimony of the Government's main witness, informant Ronald Carboni. At trial, the district court overruled defense objections to the following questions posed by the Government to Rodney Glendening, a narcotics deputy:

Q: Now you've had the occasion to work with Mr. Carboni not only on this case but on some other cases?

A: Yes, Ma'am.

Q: Approximately how many?

A: Seven other cases.

Q: And what did you find about the information he had provided to you?

A: That the information he's provided has always been credible, it's been accurate and truthful.

J.A. at 358-359.

The Sixth Circuit in *United States v. Francis* stated that "[i]mproper vouching occurs when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility thereby placing the prestige of the office of the United States Attorney behind that witness." 170 F.3d 546, 550 (6th Cir. 1999). "[I]mproper vouching involves either blunt comments or comments that imply that the prosecutor has special knowledge of facts not in front of the jury . . . ." *Id.* (citations omitted). Here, it is clear that the

levels for obstruction of justice pursuant to § 3C1.1. The court also enhanced his offense level another three levels for his role in the offense pursuant to § 3B1.1 for a total offense level of 37. The court found that Sauceda had a criminal history category of I, which, combined with the total offense level, produced a sentencing range of 210-262 months.

prosecutor did not engage in improper vouching because the prosecutor did not make any comments indicating that she had a personal belief in Carboni's credibility.

Although the prosecutor's attempt to elicit testimony in support of Carboni's credibility is clearly not vouching, this line of inquiry does constitute improper bolstering. The Court in *Francis* stated that "[b]olstering occurs when the prosecutor implies that the witness's testimony is corroborated by evidence known to the government but not known to the jury." *Id.* at 551. Significantly, the Court provided that the prosecutor "may ask a government agent or other witnesses whether he was able to corroborate what he learned in the course of a criminal investigation. However, if the prosecutor pursues this line of questioning, she must also draw out testimony explaining *how* the information was corroborated and where it originated." *Id.* (emphasis added). Thus, if a prosecutor asks a government agent whether the agent was able to corroborate information provided by an informant, the prosecutor must introduce to the jury how that information was corroborated, e.g., via documents or searches. *Id.*

In the case at bar, the prosecutor elicited testimony from narcotics deputy Glendening that in each of the seven prior cases where Carboni provided information to the police, the information had been corroborated. However, the prosecutor did not provide the jury with evidence of how, in those instances, the information was corroborated. It was precisely this type of omission that the Court in *Francis* deemed improper bolstering. *Id.* at 551 ("The prosecutor's failure to introduce to the jury whether the information was corroborated via documents, searches, conversations, or other means would lead a reasonable jury to believe that the prosecutor was implying a guarantee of truthfulness based on facts outside the record."). Here, we find that the prosecutor engaged in improper bolstering.

We now turn to the question of whether the improper bolstering amounts to prejudicial error. Upon a showing that