UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

LEROY SALLEY, a/k/a Reginald
Donnell Salley,
          *Defendant-Appellant.*

No. 00-4924

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-00-83-FO)

Submitted: August 20, 2001

Decided: September 6, 2001

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John S. Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Leroy Salley pled guilty to a criminal information charging him with conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin and an unspecified quantity of cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999 & Supp. 2001); and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C.A. § 922(g) (West 2000). The district court determined that Salley was an armed career criminal, pursuant to 18 U.S.C.A. § 924(e) (West 2000), and sentenced him to concurrent 160 month terms of imprisonment on each count. Salley now appeals his drug conviction and his sentence as an armed career criminal.

Salley first argues that § 841 is unconstitutional under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The arguments advanced by Salley were recently rejected by the Tenth Circuit. *See United States v. Cernobyl*, 2001 WL 733406 at *2-3 (10th Cir. June 29, 2001). Other circuits have similarly dismissed appeals seeking to find § 841 unconstitutional under *Apprendi*. *United States v. Martinez*, 253 F.3d 251, 256 n.6 (6th Cir. 2001); *United States v. Fort*, 248 F.3d 475,482-83 (5th Cir. 2001); *United States v. Brough*, 243 F.3d 1078, 1080 (7th Cir. 2001) *petition for cert. filed*, 70 U.S.L.W. 3076 (U.S. Jul. 17, 2001) (No. 01-89) (holding "that there is no constitutional defect in the design of § 841, and . . . no impediment to convictions under the statute as written"). We agree and conclude that Salley's arguments are without merit.

We also conclude that *Apprendi* does not apply to Salley's enhanced sentence under § 924(e) because it is based on his prior convictions, a factor that was specifically excluded from the holding of *Apprendi*. 120 S. Ct. at 2362-63. Contrary to Salley's assertions, *Apprendi* expressly upheld the holding of *Almendarez-Torres v.*

*United States*, 523 U.S. 224, 235 (1998), that prior felony convictions are merely sentencing enhancements, rather than elements of the offense. *Apprendi*, 120 S. Ct. at 2362; *see also United States v. Skidmore*, 254 F.3d 635 (7th Cir. 2001) (holding that Apprendi does not affect enhanced sentence under § 924(e)); *United States v. Dorris*, 236 F.3d 582, 586-88 (10th Cir. 2000) (same), *cert. denied*, 121 S. Ct. 1635 (2001); *United States v. Mack*, 229 F.3d 226, 235 n.12 (3d Cir. 2000) (same), *cert. denied*, 121 S. Ct. 2015 (2001).

We therefore affirm Salley's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*