UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

THOMAS S. BERRY, a/k/a Edward
Quinones,

*Defendant-Appellant.*

No. 01-4053

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-00-120-BO)

Submitted: September 28, 2001

Decided: December 17, 2001

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. John Stuart Bruce, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Christine Witcover Dean,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Thomas Berry pleaded guilty to one count of possession with intent to distribute 486.2 grams of crack, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). The district court sentenced Berry to 168 months in prison. Berry timely appealed, arguing that § 841 is unconstitutional. Berry's argument is that Congress intended the penalty provisions of 21 U.S.C.A. § 841(b) to be sentencing factors, so that a judge could determine the drug quantities attributable to a defendant by a preponderance of the evidence. Berry notes the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be determined by the factfinder beyond a reasonable doubt. Based on *Apprendi*, Berry contends that § 841 has been void and therefore unconstitutional since its enactment with respect both to the acts deemed unlawful and to the penalties applicable to those unlawful acts.

We affirm Berry's conviction.[1] In *United States v. Cernobyl*, 255 F.3d 1215 (10th Cir. 2001), the Tenth Circuit recently rejected an argument virtually identical to Berry's. The Tenth Circuit's holding is consistent with the findings of other Circuits. *See United States v. Martinez*, 253 F.3d 251, 256 n.6 (6th Cir. 2001); *United States v. Brough*, 243 F.3d 1078, 1080 (7th Cir. 2001), *petition for cert. filed*,

---

[1]The United States argues that, because Berry waived his appellate rights in his plea agreement, he waived his right to bring this appeal. Because Berry contends that he was convicted under an unconstitutional statute, the waiver provision does not preclude his bringing this appeal. *See Menna v. New York*, 423 U.S. 61, 62-63 n.2 (1975); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Richards*, 204 F.3d 177, 191 (5th Cir.), *cert. denied*, 531 U.S. 826 (2000) (holding that a defendant may not waive his right to appeal a jurisdictional issue).

70 U.S.L.W. 3076 (July 17, 2001) (No. 01-89). We agree with our sister Circuits that Berry's argument lacks merit.[2]

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]Additionally, because Berry's 168-month sentence is less than the maximum sentence permitted by 21 U.S.C.A. § 841(b)(1)(C), there was no *Apprendi* violation in this case. *See United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001) (en banc).