**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Antonio WILLIAMS, Stanley Campbell,**
**Defendants–Appellants.**

**No. 99–6472, 99–6474.**

United States Court of Appeals,
Sixth Circuit.

Dec. 28, 2001.

Before RYAN and COLE, Circuit Judges, and WILLIAMS, District Judge.*

\* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

RYAN, Circuit Judge.

The defendants, Antonio Williams and Stanley Campbell, appeal their convictions and sentences after a jury determined both men guilty on two counts: (1) conspiracy to possess with intent to distribute and distribution of an amount of cocaine in excess of five kilograms, in violation of 21 U.S.C. §§ 841(a)(1), 846; and (2) possession with the intent to distribute approximately three kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

The central question before us is whether the district court violated the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in sentencing each defendant. Because we conclude it did not, we will affirm both convictions and sentences.

### I.

Longtime drug dealer Antonio Williams hired Stanley Campbell and Freddie Brown to purchase cocaine in Houston, Texas, and transport it back to Memphis, Tennessee, for further distribution. The drug conspiracy was eventually dismantled when Williams and Campbell were arrested and charged in a second superseding indictment with two counts of cocaine distribution. Count one charged a conspiracy from approximately July 1, 1997, through March 20, 1998, between and among Williams, Campbell, Freddie Brown, Reginald Dowdy, and with other persons known and unknown to the grand jury (1) to possess with intent to distribute an amount in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1); and (2) to distribute an amount in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. Count two charged defendants Williams and Campbell with having aided and abetted each other, and Freddie Brown, with possessing with intent to distribute approximately three kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2.

The jury returned a guilty verdict as to both defendants on both counts, but did not return any findings regarding the specific quantity of cocaine involved. The probation office prepared presentence investigation reports with addendums for Williams and Campbell. At sentencing, the court determined that a fair estimate of the amount of drugs involved was between 15 and 50 kilograms of cocaine.

The court determined Williams's base offense level to be 34. *See* U.S.S.G. § 2D1.1(c)(3) (1998). Because the court found that Williams was an "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," his offense level was increased by four levels, resulting in an adjusted offense level of 38, with a criminal history level of III. *See* U.S.S.G. § 3B1.1(a). The resulting sentencing range was between 292–365 months and the court imposed a sentence of 292 months' incarceration. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

The court determined Campbell's base offense level to be 34. *See* U.S.S.G. § 2D1.1(c)(3). The court found Campbell also to be in violation of section 3C1.1 for committing perjury, thereby increasing his base offense level by two, leaving him with an adjusted offense level of 36, and a criminal history category of II. *See* U.S.S.G. § 3C1.1. Campbell's resulting sentencing range was between 210–262 months, and the court sentenced Campbell to 210 months' incarceration. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

### II.

### A.

When a defendant does not timely raise for the trial court the issue he raises on

appeal, the standard of review is plain error. *United States v. Page*, 232 F.3d 536, 543 (6th Cir.2000), (*cert. denied* citations omitted). Plain error occurs when: (1) there is error; (2) the error is plain; (3) the error affects appellants' substantial rights; and (4) the error seriously "affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Martinez*, 253 F.3d 251, 255 (6th Cir.2001). An error is prejudicial when it "results in [the] imposition of a sentence which is not authorized by law." *Page*, 232 F.3d at 544.

## B.

In *Apprendi*, the Supreme Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. A defendant, therefore, cannot "be exposed to a greater punishment than that authorized by the jury's guilty verdict." *Page*, 232 F.3d at 543. Our duty, therefore, is to determine whether the defendants' sentences violated *Apprendi*.

The provisions of 21 U.S.C. § 841 make clear that the quantity of drugs involved is "a factual determination that significantly impacts the sentence imposed." *Page*, 232 F.3d at 543. Section 841(b)(1)(A) allows for a maximum penalty of life imprisonment if the crime involves five kilograms or more of a mixture or substance containing a detectable amount of cocaine. 21 U.S.C. § 841(b)(1)(A)(ii). Similarly, subsection (B) allows for a maximum penalty of 40 years if the crime involves 500 grams or more of a mixture or substance containing a detectable amount of cocaine. 21 U.S.C. § 841(b)(1)(B)(ii). Subsection (C) provides that unless subsections (A) or (B) apply, "[i]n the case of a controlled sub-

stance in schedule I or II . . . such person shall be sentenced to a term of imprisonment of not more than 20 years." 21 U.S.C. § 841(b)(1)(C).

## 1.

The defendants contend that the district court violated *Apprendi* when it determined, by a preponderance of the evidence, that the drug quantity involved was 15–50 kilograms. The defendants argue that because the government charged in count one of the indictment that the defendants conspired to possess and traffic more than five kilograms of cocaine, that the district court violated *Apprendi* by failing to submit the drug quantity determination to the jury.

While we conclude that both of the defendants' convictions and sentences should be affirmed, we do not agree that *United States v. Page*, 232 F.3d 536 (6th Cir.2001), controls our discussion with regard to Williams. Rather, because neither Williams's nor Campbell's sentence exceeds the prescribed statutory maximum allowed under § 841(b)(1)(A), we believe that *Apprendi* principles do not apply to either defendant.

Although this court considered strikingly similar facts in *Page*, the facts we consider today differ in one significant respect. In *Page*, defendants were charged in the indictment with conspiracy to distribute and possession with intent to distribute crack cocaine. *Id.* at 543. The indictment made no mention of a drug quantity amount and the jury made no findings of fact in that regard. *Id.* The district court, instead, determined the quantity of drugs involved by a preponderance of the evidence and sentenced defendants to terms ranging from 292–360 months' incarceration. *Id.* at 539. We held in *Page* that because quantity of drugs is a factual determination, which

under § 841 significantly impacts sentencing, when a jury verdict does not sustain a specific drug quantity amount, defendants can be sentenced only under § 841(b)(1)(C), which imposes a 20–year maximum for *any* quantity of drugs involved. *Id.* at 543.

In this case, the indictment charged an ascertainable, minimum drug quantity amount. The second superseding indictment charged Williams and Campbell on two counts of cocaine distribution. Specifically, count one charged: a conspiracy (1) to possess with intent to distribute an amount *in excess of five kilograms* of cocaine, in violation of 21 U.S.C. § 841(a)(1); and (2) to distribute an amount *in excess of five kilograms* of cocaine, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. The jury found both Williams and Campbell guilty on count one of the indictment. Unlike in *Page*, here, the jury convicted the defendants of conspiring to distribute and possess *in excess of five kilograms* of cocaine. Because the jury's guilty verdict sustains an ascertainable, minimum quantity—an excess of five kilograms—Williams and Campbell are subject to the higher penalty provisions of § 841(b)(1)(A).

The facts here are also distinguishable from our decision in *United States v. Flowal*, 234 F.3d 932 (6th Cir.2000). Defendant was indicted for possession with intent to distribute "*approximately* five point two (5.2) kilograms of cocaine." *Id.* at 934 (emphasis added) (internal quotation marks omitted). The trial judge determined the weight of the drugs involved as being 5008 grams by a preponderance of the evidence. *Id.* at 936. This court, in finding *Apprendi* error, reasoned:

> Ultimately, to prove that [defendant] was guilty of a crime under § 841(b)(1)(A), the government needed to convince a jury beyond a reasonable

doubt that [he] possessed more than five kilograms of cocaine, just as alleged in the indictment. If the government could only prove that he possessed 4.997 kilograms of cocaine, [defendant] would only be subject to the penalty provisions of § 841(b)(1)(B), which prescribe a minimum of ten years and a maximum of life. Furthermore, if the government could only prove that [defendant] possessed less than 500 grams of cocaine, he would only face up to thirty years imprisonment under § 841(b)(1)(C). . . . Accordingly, the prosecution is only entitled to the punishment provisions of the crime whose elements it has proved to a jury beyond a reasonable doubt. It has yet to prove the weight of the cocaine in [defendant's] possession to a jury, and the jury's findings thus far neither require nor allow a mandatory penalty of life imprisonment without the possibility of release.

*Id.* at 938.

Here, unlike in *Flowal*, the government charged Williams and Campbell with a minimum quantity of drugs which would permit sentencing under § 841(b)(1)(A). Williams and Campbell were not charged with "approximations" of a drug quantity amount, but with conspiracy to possess with intent to distribute an amount *in excess of five kilograms of cocaine*, and distribution of an amount *in excess of five kilograms of cocaine*. Section 841(b)(1)(A) allows for a maximum penalty of life imprisonment if the crime involves five kilograms or more of a mixture or substance containing a detectable amount of cocaine. 21 U.S.C. § 841(b)(1)(A). Because the jury's guilty verdict supports the higher penalty provisions of § 841(b)(1)(A), Williams's and Campbell's prescribed statutory maximum is life imprisonment.

*Apprendi* requires only that "fact[s] that increase[ ] the penalty for a crime *beyond*

*the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). This court in *United States v. Corrado,* 227 F.3d 528 (6th Cir.2000), held that when the sentence imposed does not exceed the statutory maximum, factors which increase that sentence but do not extend it need only be proved by a preponderance of the evidence. *Id.* at 542. Because neither Williams's nor Campbell's sentences exceeded the prescribed statutory maximum, life imprisonment, we hold that *Apprendi* does not apply. Therefore, the district court did not err when it determined the drug quantity as being between 15–50 kilograms by a preponderance of the evidence.

2.

Williams's second assignment of error, that the district court should have sentenced him to the lowest range applicable to cocaine, or amounts less than 250 milligrams under U.S.S.G. § 2D1.1(c)(14) because the jury did not determine the weight of the cocaine beyond a reasonable doubt, is foreclosed by our discussion above. The jury's guilty verdict clearly sustained imposition of the higher penalty provisions of § 841(b)(1)(A).

Williams's final assignment of error, that his sentence should be no more than the statutory minimum of one year, both misconstrues the statute and is without merit because 21 U.S.C. § 841(b)(1)(D)(3) has no application to these facts.

III.

For the reasons stated herein, we AFFIRM the defendants' convictions and sentences.