USCA1 Opinion

 

United States Court of Appeals

For the First Circuit

Nos. 00-2138

 00-2139

 00-2140

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

LEONEL VALDEZ-SANTANA,

ROBERTO RUIZ-RIJO,

JUAN JIMÉNEZ-DE LA ROSA,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella and Lynch, Circuit Judges.

 Anita Hill-Adames, for appellant Valdez-Santana.

 María H. Sandoval, with whom Rafael F. Castro-Lang, were on
brief, for appellants Ruiz-Rijo and Jiménez-de la Rosa.

 Michelle Morales, Assistant U.S. Attorney, with whom Guillermo
Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant U.S.
Attorney, Chief, Criminal Division, and Nelson Pérez-Sosa,
Assistant U.S. Attorney, were on brief, for appellee.

 

February 12, 2002

 TORRUELLA, Circuit Judge. Defendants-appellants Leonel
Valdez-Santana, Roberto Ruiz-Rijo and Juan Jiménez-de la Rosa
appeal from their unconditional guilty pleas of attempting to
import approximately 400 kilograms of cocaine into the United
States. All appellants dispute the authority of United States
Customs agents to board appellants' boat, search it, and arrest
them. The district court found that the agents had authority under
19 U.S.C. § 1401(k)(1) because appellants' boat was a "hovering
vessel." Additionally, appellant Ruiz-Rijo challenges his
sentence, claiming that under Apprendi v. New Jersey, 530 U.S. 466
(2000), the statute under which he pled guilty is unconstitutional. 
He also contends that the district court committed reversible error
when it refused his request to conduct discovery regarding the
constitutionality of the appointment of Guillermo Gil as Interim
United States Attorney. We affirm.

I.

 On April 12, 1999, a United States Customs aircraft
spotted appellants' boat approximately 35 statute miles northwest
of Puerto Rico. The boat was on a course and heading that would
have brought it to Puerto Rico's northern shore. Based on the size
and type of appellants' vessel, its location, and its heading, the
aircraft crew suspected that the appellants might be importing
contraband into Puerto Rico. When the aircraft approached
appellants' boat, appellants brought the boat to a halt and began
throwing bales of cocaine overboard. These bales were weighed down
with a small outboard motor which caused most of the bales to sink,
but some bales continued to float on the surface where the crew of
the aircraft could see them. As it turned out, the crew correctly
believed the bundles to be cocaine.

 After disposing of the cocaine, appellants turned their
boat around and began moving toward the Dominican Republic. The
Customs aircraft continued to monitor the appellants until they
were intercepted by two Customs high-speed pursuit boats about 50
statute miles west of Puerto Rico. At the time of intercept, the
Customs boats noted that the appellants' boat had no registration
numbers or symbols, no flag, nor any other markings of nationality
or identification. Customs agents boarded the boat, apprehended
the appellants, and searched the boat.

 While the appellants were being chased, the Customs
aircraft and a Coast Guard helicopter monitored the floating bales. 
A Border Patrol boat eventually recovered 16 bales of cocaine with
an aggregate weight of 402 kilograms.

 After being indicted and pleading not guilty, appellants
filed a motion to dismiss the indictment and to suppress the
evidence of their arrest and all evidence derived from it. The
district court denied this motion. Appellant Ruiz-Rijo also
entered a motion to stay trial pending the resolution, on appeal,
of United States v. Hilario, 218 F.3d 19 (1st Cir. 2000). The
district court also denied this motion. Subsequently, all three
appellants entered unconditional guilty pleas of knowingly and
intentionally attempting to import approximately 400 kilograms of
cocaine into the United States. The parties, however, stipulated
that each appellant should be held accountable for attempting to
import 125 kilograms of cocaine.

II.

 Appellants contest the district court's finding that the
Customs agents were authorized to board appellants' boat because it
was a "hovering vessel" under 19 U.S.C. § 1401(k)(1).(1) However,
appellants have a high hurdle to clear before we will reach this
issue. They must show that their unconditional guilty pleas did
not waive their right to appeal this issue. We find that
appellants did waive this right, and we decline to reach the merits
of whether their boat was a "hovering vessel."

 An "unconditional guilty plea insulates virtually all
earlier rulings in [a] case from appellate review." United States
v. Cordero, 42 F.3d 697, 698 (1st Cir. 1994). The Supreme Court
illustrated the rationale behind this rule when it said:

 . . . a guilty plea represents a break in the
chain of events which has preceded it in the
criminal process. When a criminal defendant
has solemnly admitted in open court that he is
in fact guilty of the offense with which he is
charged, he may not thereafter raise
independent claims relating to the deprivation
of constitutional rights that occurred prior
to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). The only issues
that may still be appealed are jurisdictional errors. See Cordero,
42 F.3d at 699.

 Appellants try to shoehorn their claim into this narrow
exception by claiming that whether their boat was a hovering vessel
is a "quasi-jurisdictional" issue. They argue that if their boat
was not a hovering vessel, Customs agents did not have authority to
board the boat or to seize evidence. Therefore, they argue that
the evidence may have been obtained in violation of federal laws. 
However, whether evidence may have been unlawfully obtained is not
a jurisdictional issue. Rather, "a jurisdictional defect is one
that calls into doubt a court's power to entertain a matter, not
one that merely calls into doubt the sufficiency or quantum of
proof relating to guilt." Id.(2) The fact that a large portion of
the evidence against appellants might have been excluded had
appellants' boat not been a hovering vessel does not mean that the
district court loses jurisdiction to entertain the underlying
criminal charges. See id. Therefore, the hovering vessel issue is
neither jurisdictional nor "quasi-jurisdictional," and appellants
waived their right to contest the district court's determination
when they entered their unconditional guilty pleas.

III.

 Appellants argue that if we will not consider the
hovering vessel issue, we should set aside their unconditional
guilty pleas because they misunderstood their right to appeal when
they entered those pleas. Because appellants did not seek to
withdraw their plea in the district court, but only before this
court, they face an uphill battle. The standard of review is plain
error. See United States v. Gandía-Maysonet, 227 F.3d 1, 5 (2000).

 Appellants claim that the district court committed
reversible error when it accepted the appellants' unconditional
guilty pleas because the court knew that appellate review was a
condition of appellants' willingness to enter a plea. The record,
however, is clear that the defendants understood that appellate
review was not certain. Their own lawyer said:(3)

 Finally, Your Honor, I just want the record to
be clear that I counseled my client that we
attempted to obtain the conditional plea so
that the door would be left explicitly open as
to the two motions to dismiss that were
presented on his behalf. On behalf of all
other defendants the government declined that
invitation and they accepted the government's
offer knowing that it is up to the discretion
of the Court of Appeals to entertain these two
appeals and our rights to prosecute those two
appeals are exclusively conditioned on whether
the Court of Appeals will accept them. It is
not part of this plea and they understand
that.

Therefore, any omission by the sentencing court hardly rises to the
level of plain error, and we will not reverse the district court's
acceptance of appellants' unconditional guilty pleas.

IV.

 Appellant Ruiz-Rijo also challenges the constitutionality
of 21 U.S.C. § 952(a)(4), under which he was indicted and pled
guilty. The statute, he argues, provides for the judge, not jury,
to determine drug quantities, violating the principles announced in
Apprendi v. New Jersey, 530 U.S. 466 (2000). Because Ruiz-Rijo did
not raise this argument below, our review is for plain error, see
United States v. Olano, 507 U.S. 725, 734 (1993), and we find that
there was neither plain error nor harm.

 In Apprendi, the Supreme Court held that "[o]ther than
the fact of a prior conviction, any fact that increases the penalty
for a crime beyond the prescribed statutory maximum must be
submitted to a jury, and proved beyond a reasonable doubt." 530
U.S. at 490. While neither we nor any other circuit have addressed
the constitutionality of § 952(a) after Apprendi, other circuits
have examined similar statutory schemes. They have all found them
to be constitutional so long as the jury determines drug
quantities. See United States v. McAllister, --- F.3d ----, 2001
WL 1387341, at *2 (4th Cir. 2001); see also United States v.
Cernobyl, 255 F.3d 1215, 1219 (10th Cir. 2001); United States v.
Martínez, 253 F.3d 251, 256 n.6 (6th Cir. 2001); United States v.
Brough, 243 F.3d 1078, 1079-80 (7th Cir. 2001); United States v.
Slaughter, 238 F.3d 580, 582 (5th Cir. 2000) (per curiam), cert.
denied, --- U.S. ----, 121 S. Ct. 2015, 149 L.Ed.2d 1015 (2001).

 Here, not only did the indictment include drug
quantities, placing the question squarely before the jury should
the case have gone to trial, but the plea agreement, signed by
appellant, also stipulated drug quantities. Therefore, appellant's
argument is without merit.

V.

 Finally, appellant Ruiz-Rijo challenges the district
court's denial of discovery in support of his motion to dismiss. 
In his motion to dismiss, appellant claimed that the appointment of
Interim United States Attorney Guillermo Gil violated appellant's
due process rights because the appointment was unconstitutional. 
The unconditional plea of guilty waived the argument. 
Nevertheless, we reach the issue to discourage the making of such
an argument. Because we hold that our decision in Hilario, 218
F.3d at 19, abrogates any claim about the unconstitutionality of
Mr. Gil's appointment, the district court properly denied discovery
to appellant.

 Hilario held that Gil holds his office lawfully. Id. at
19. Appellant, however, tries to distinguish his claim from those
addressed in Hilario by focusing on his "as applied" argument. 
However, we addressed and rejected that precise argument in
Hilario. Id. at 29. Therefore, the district court properly denied
appellant's motion to dismiss and the accompanying request for
discovery.

VI.

 For the foregoing reasons, we affirm.

1. Section 1401(k)(1) defines a "hovering vessel" as "any vessel
which is found or kept off the coast of the United States within or
without the custom waters, if, from the history, conduct,
character, or location of the vessel, it is reasonable to believe
that such vessel is being used or may be used to introduce or
promote or facilitate the introduction or attempted introduction of
merchandise into the United States in violation of the laws of the
United States."
2. For example, violations of the double jeopardy rule are not
waived by an unconditional guilty plea. See Menna v. New York, 423
U.S. 61 (1975).
3. While this statement was made by the lawyer for appellant Ruiz-Rijo, all appellants adopted it.
4. Section 952(a) provides, in relevant part:

 It shall be unlawful to import into the customs territory
of the United States from any place outside thereof (but
within the United States), or to import into the United
States from any place outside thereof, any controlled
substance in schedule I or II of subchapter I of this
chapter, or any narcotic drug in schedule III, IV, or V
of subchapter I of this chapter . . .