**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Armando SAUCEDA, also known as Juan Amondo Sauceda, also known as Amondo Sauceda, Defendant–Appellant.**

**No. 01–2340.**

United States Court of Appeals,
Sixth Circuit.

Sept. 13, 2002.

Before SILER, DAUGHTREY, and GILMAN, Circuit Judges.

## ORDER

Juan Armando Sauceda appeals from his judgment of convictions and sentence. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, a jury convicted Sauceda of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Sauceda to 240 months of imprisonment. On appeal, this court affirmed Sauceda's convictions, but vacated his sentence in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, ·120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *United States v. Martinez*, 253 F.3d 251 (6th Cir.2001). On remand, the district court resentenced Sauceda to 120 months of imprisonment and three years of supervised release, and the court imposed a $5000 fine and a $200 special assessment. In this timely appeal, Sauceda argues that the district court erred by imposing the sentences on his two counts of conviction to run consecutively.

Upon review, we conclude that Sauceda's argument is without merit. It is undisputed that Sauceda had a Sentencing Guidelines range of 210 to 262 months of imprisonment. However, in the prior appeal, this court determined that, pursuant to the *Apprendi* decision, the five-year statutory maximum sentence set forth at 21 U.S.C. § 841(B)(1)(D) was applicable to Sauceda's convictions. *Martinez*, 253 F.3d at 255. Upon remand, the district court, in an effort to have Sauceda's sentence approximate the Guidelines range as closely as possible, sentenced Sauceda to five years of imprisonment on both of his convictions, with the sentences to run consecutively, for a total sentence of 120 months of imprisonment.

The district court did not err in imposing Sauceda's sentences to run consecutively. Under USSG § 5G1.2(d), the district court was required to run the sentences consecutively because the highest statutory maximum on one count was less than the total punishment envisioned by the applicable Guidelines range. *See United States v. Graham*, 275 F.3d 490, 523–24 (6th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1625, 152 L.Ed.2d 636 (2002).

Further, this court implicitly approved the imposition of consecutive sentences in its prior opinion. This court noted that, on remand, "if the district court opts to run the sentences for both counts consecutively, the total punishment that will result is 10 years" of imprisonment. *Martinez*, 253 F.3d at 251 n. 5.

Lastly, the imposition of consecutive sentences does not violate the dictates of the *Apprendi* decision. Since Sauceda was convicted of multiple counts, the prescribed statutory maximum for *Apprendi* purposes is the sum of the statutory maximum sentences for each of the counts upon which Sauceda was convicted. *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir.2002). Therefore, the prescribed statutory maximum sentence for Sauceda is 120 months of imprisonment. Because his sentence did not exceed this amount, his *Apprendi* rights are not triggered. *Id.* at 401–02.

Accordingly, this court affirms the district court's judgment.