UNITED STATES of America, Plaintiff–Appellee,

v.

Larry D. CHALMERS, Defendant–Appellant.

No. 02–5663.

United States Court of Appeals, Sixth Circuit.

March 11, 2003.

Before MARTIN, Chief Judge; ROGERS, Circuit Judge; and EDMUNDS, District Judge.*

*ORDER*

Larry D. Chalmers pleaded guilty to distributing cocaine base and possessing cocaine for intended distribution. *See* 21 U.S.C. §§ 841(a)(1) *and* 841(b)(1)(B). An amended judgment was entered on April 25, 2002, that sentenced Chalmers to 276 months of imprisonment and five years of supervised release. It is from this judgment that he now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

We generally review the district court's legal conclusions *de novo* and examine its factual findings for clear error. *United States v. Henderson,* 209 F.3d 614, 617 (6th Cir.2000). Insofar as his claims were

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

not raised in the district court, Chalmers must show that they involve plain error that affects his substantial rights. *See United States v. Krimsky,* 230 F.3d 855, 858 (6th Cir.2000).

Defense counsel argues that 21 U.S.C. § 841(b)(1)(B) is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it allows the sentencing court to impose an increased penalty based on the type and quantity of drugs that are involved in an offense. In particular, counsel argues that the district court lacked jurisdiction to impose a maximum statutory sentence of life imprisonment under § 841(b)(1)(B), and that the court was limited by the twenty-year statutory maximum that is authorized by the default provision of § 841(b)(1)(C). Thus, counsel argues that the court was not authorized to impose the 276-month sentence that Chalmers received. This argument is unavailing because we are bound by a published opinion of our court, which holds that § 841(b)(1)(B) is not unconstitutional under *Apprendi. See United States v. Martinez,* 253 F.3d 251, 256 n. 6 (6th Cir.2001).

In a pro se supplemental brief, Chalmers argues that his indictment violated *Apprendi* because it did not indicate the penalties to which he was exposed under 21 U.S.C. § 841(b)(1)(B). Thus, Chalmers argues that the district court could not impose a sentence that exceeds the twenty-year maximum that is authorized by the default provision in § 841(b)(1)(C) and that it should have based his offense level as a career offender on a twenty-year statutory maximum, rather than a statutory maximum of life imprisonment. However, the failure to indicate the possible sentence in the indictment did not deprive the district court of jurisdiction. *See United States v. Stines,* 313 F.3d 912, 917 (6th Cir.2002). Furthermore, failing to specify the statutory penalty in the indictment was not plain error, as Chalmers was clearly advised of the maximum penalty that he could receive before he entered his guilty plea and he admitted that his offense involved an amount of drugs that would support the statutory maximum. *See id.* at 918–19.

Finally, we reject Chalmers's challenge to the district court's determination of his offense level because *Apprendi* does not apply to sentences that are calculated under the sentencing guidelines, unless the guidelines sentence exceeds the applicable statutory maximum. *See id.* at 916. Hence, there was no cognizable violation of *Apprendi* because the 276-month sentence that Chalmers received fell below the maximum term of life imprisonment to which he was exposed under 21 U.S.C. § 841(b)(1)(B).

Accordingly, the district court's judgment is affirmed.