**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Steven THOMAS, Defendant–Appellant.**

**No. 02–3337.**

United States Court of Appeals,
Sixth Circuit.

March 22, 2004.

Ronald B. Bakeman, Asst. U.S. Attorney, Kenneth S. McHargh, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Margaret S. O'Donnell, McNally & O'Donnell, Frankfort, KY, for Defendant–Appellant.

Before KENNEDY, ROGERS, and COOK, Circuit Judges.

## ORDER

This is a direct appeal from a criminal judgment and commitment order. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Steven Thomas was convicted of possession with intent to distribute cocaine and of possession with intent to distribute cocaine base. Thomas received a 188–month term of imprisonment and a five-year period of supervised release. A panel of this court remanded the matter to the district court for a hearing on Thomas's claim that he had been denied his right to counsel of his choice. *United States v. Thomas*, No. 98–3851, 2000 WL 799340 (6th Cir. June 8, 2000) (unpublished).

The district court granted Thomas's request for a new trial on remand and the United States filed a two-count superseding indictment. Thomas eventually pleaded guilty to the superseding indictment. The district court accepted the plea and found Thomas guilty of possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Thomas to a 165–month term of imprisonment and a five-year period of supervised release. This appeal followed.

The issues relevant to this appeal began with the Sixth Circuit's decision of June 8, 2000. In that decision, a panel of this court concluded that the district court needed to consider in more detail Thomas's motion to substitute counsel, a motion that was originally made on the morning of his jury trial.

On September 18, 2000, Thomas filed a motion for a judgment of acquittal on the authority of Fed.R.Crim.P. 29 directed to his 1998 conviction. The district court did not rule on this motion. The court did, however, grant Thomas's motion for a new trial on June 15, 2001. In response, the United States filed a superseding indictment charging Thomas with the same two violations of 21 U.S.C. § 841(a)(1), but each count now charged Thomas with possessing specific amounts of cocaine and cocaine base.

The district court scheduled Thomas's new trial for November 13, 2001. On that morning, Thomas indicated to the court that he wished to enter a plea of guilty to the superseding indictment. The district court placed Thomas under oath and ascertained that Thomas was competent to enter the plea. The court then inquired of Thomas whether he understood the charges to which he was offering the plea. It was during this discussion that Thomas balked at pleading to the charge in Count Two that he possessed with intent to distribute approximately 180 grams of cocaine base. Thomas eventually, and unmistakably, agreed that the district court would determine the actual amount of cocaine base involved in this offense, but that the court's range of choice would be restricted to a low of fifty grams and a high of 180 grams. The court completed the Fed. R.Crim.P. 11 colloquy with Thomas, accepted the plea, and set the matter over for sentencing.

The parties subsequently met for sentencing. Counsel for Thomas vigorously pursued two objections to the recommendations in the pre-sentence report. First, counsel objected to the criminal history category. In addition, the district court entertained extensive arguments over the

fact and amount of cocaine base for which Thomas would be held accountable. The district court ultimately ruled for Thomas on the criminal history issue, but found Thomas accountable for the full amount of cocaine base charged in the superseding indictment. The significance of the latter ruling is that Thomas's base offense level was thirty-four, rather than thirty-two, under the 1996 version of the guidelines used at sentencing.

On appeal, counsel for Thomas raises four separately denominated appellate claims. The first claim presents three distinct issues. First, counsel argues that the district court erred in not granting Thomas's September 18, 2000, Criminal Rule 29 motion for a judgment of acquittal. Counsel also contends that the court erred in permitting the United States to file a superseding indictment after Thomas was granted a new trial. The significance of the superseding indictment carrying the same two statutory charges is that the United States added specific drug amounts to each charge in keeping with the holding of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), a decision issued in the interim between the original indictment and the superseding indictment. Finally, counsel charges that the filing of the superseding indictment violated the Double Jeopardy Clause.

 This claim has no merit. Fed. R.Crim.P. 29(c) permits a defendant found guilty by a jury to move for a judgment of acquittal within seven days after the jury is discharged or within such further time as the court may fix during the seven-day period. This seven-day period is jurisdictional and is to be strictly construed. *Carlisle v. United States*, 517 U.S. 416, 421, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996). Thomas's Rule 29 motion was filed well beyond this seven-day period. In addition, neither the original sentence nor the sentence after remand exceeded the statutory "default maximum" of twenty years, 21 U.S.C. § 841(b)(1)(C), to be imposed when no drug amount is specified. Thomas cannot demonstrate, therefore, that the filing of the superseding indictment operated to his detriment and in derogation of the holding in *Apprendi*. *United States v. Burns*, 298 F.3d 523, 543–44 (6th Cir.), cert. denied, 537 U.S. 1061, 123 S.Ct. 642, 154 L.Ed.2d 544 (2002), and cert. denied, 537 U.S. 1064, 123 S.Ct. 614, 154 L.Ed.2d 552 (2002), and cert. denied, 538 U.S. 953, 123 S.Ct. 1643, 155 L.Ed.2d 500 (2003). The filing of an indictment upon retrial after a successful appeal does not violate double jeopardy proscriptions. *Ball v. United States*, 163 U.S. 662, 671–72, 16 S.Ct. 1192, 41 L.Ed. 300 (1896).

 The second appellate claim is that Thomas was denied the benefit of his plea by the district court's holding him accountable at sentencing for the entire amount of cocaine base alleged in Count Two of the superseding indictment. This court reviews a district court's determination of drug quantity in this context for clear error. *United States v. Hough*, 276 F.3d 884, 891 (6th Cir.), cert. denied, 535 U.S. 1089, 122 S.Ct. 1986, 152 L.Ed.2d 1042 (2002), and cert. denied, 537 U.S. 898, 123 S.Ct. 199, 154 L.Ed.2d 169 (2002). In the case at bar, the district court not only had before it Thomas's explicit admission as to drug identity and minimum quantity, but the court also heard extensive testimony from a narcotics officer to the effect that Thomas was found to have possessed slightly more than 180 grams of cocaine base. This evidence supports the conclusion that the district court did not commit clear error in making this determination. The sub-issue, that Thomas did not plead to possession of cocaine base, is plainly contradicted by the four corners of the record. This claim lacks merit.

Thomas's third appellate claim is that the evidence does not support the conclusion that the substance found in Thomas's residence was cocaine base. This claim lacks merit for the reasons set forth in the discussion of the preceding claim.

Thomas's final appellate claim is that the statute of conviction, 21 U.S.C. § 841(a)(1), is unconstitutional in light of the holding in *Apprendi.* This issue has been squarely considered and rejected by the Sixth Circuit. *See, e.g., United States v. Martinez,* 253 F.3d 251, 256 n. 6 (6th Cir.2001). The conclusory references to the Fifth and Sixth Amendments in this context are completely unsupported. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed.