# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3536

———————

United States of America,

        Appellee,

v.

Thongmy Thammavong,

        Appellant.

\*     Appeal from the United States
District Court for the
Northern District of Iowa.

———————

Submitted: June 16, 2004
Filed: August 5, 2004

———————

Before SMITH, BEAM, and COLLOTON, Circuit Judges.

———————

COLLOTON, Circuit Judge.

Appellant Thongmy Thammavong appeals the district court's[1] denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, based on alleged ineffective assistance of counsel. We agree with the district court that Thammavong failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness as required by *Strickland v. Washington*, 466 U.S. 668 (1984), and we therefore affirm.

---

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

## I.

On March 24, 2000, a federal grand jury in the Northern District of Iowa returned a one count indictment against Thammavong and his co-conspirator, Minh Van Nguyen, charging both men with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846. Pursuant to a non-cooperation plea agreement, Thammavong pleaded guilty to this single count on January 16, 2001, and was sentenced on April 3, 2001. The presentence report recommended a two-level adjustment under the United States Sentencing Guidelines for possession of a firearm in connection with the charged offense, USSG § 2D1.1(b)(1), which would have disqualified Thammavong from eligibility for the so-called "safety valve" provision of 18 U.S.C. § 3553(f). The safety valve provision permits a district court to sentence a defendant without regard to the statutory minimum sentence that otherwise would apply, so long as certain conditions are met. These conditions include a requirement that the defendant provide the government with "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan," 18 U.S.C. § 3553(f)(5), and that the defendant did not possess a firearm in connection with the offense. 18 U.S.C. § 3553(f)(2). In this case, satisfaction of the safety valve criteria also would have resulted in a two-level reduction in Thammavong's offense level under the sentencing guidelines, USSG § 2D1.1(b)(6), and a sentencing range of 108 to 135 months, rather than 135 to 168 months.

At the time of sentencing, the government acceded to Thammavong's position that the court should not assess a two-level adjustment for possession of a firearm under § 2D1.1(b)(1). As a result, Thammavong was potentially eligible for the safety valve reduction if he participated in an interview designed to satisfy the requirements of 18 U.S.C. § 3553(f)(5). However, after discussing the matter with Thammavong, his counsel did not request a continuance to allow Thammavong to participate in such an interview. Counsel made this decision because he believed that Thammavong

could receive a reduction of sentence pursuant to Federal Rule of Criminal Procedure 35(b) in connection with a separate, but related, criminal investigation in California. Rule 35(b) provides that the government may move for a reduction in sentence for a defendant who has been sentenced, if the defendant has "provided substantial assistance in investigating and prosecuting another person." Fed.R.Crim.P. 35(b)(1). Counsel believed that any reduction that Thammavong might receive at sentencing under the safety valve provision would be achieved through a later reduction under Rule 35(b), so there was no need to pursue both routes.

The district court sentenced Thammavong to 123 months imprisonment, after departing downward from the applicable guideline range of 135 to 168 months. Thereafter, for reasons that are not explained entirely in the record, authorities did not pursue the California investigation, and never requested Thammavong's assistance in that case. As a result, the government did not move to reduce Thammavong's sentence pursuant to Rule 35(b). Thammavong later brought a motion pursuant to 28 U.S.C. § 2255, alleging that his counsel's failure to request a continuance in order to pursue safety-valve eligibility amounted to ineffective assistance of counsel under *Strickland*. The district court denied Thammavong's motion, but granted a certificate of appealability on that claim. *See* 28 U.S.C. § 2253(c).

II.

To obtain relief based on a deprivation of the right to effective assistance of counsel, Thammavong must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. In considering whether this showing has been accomplished, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. We seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's

-3-

perspective at the time of the alleged error. *Id.* Second, Thammavong "must show that the deficient performance prejudiced the defense." *Id*. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

The district court found that Thammavong had proven the prejudice prong, because there was a reasonable probability that Thammavong's sentence would have been different if he had moved to continue sentencing and provided the requisite information to the government in an interview. The court found that the deficient performance prong had not been met, however, because Thammavong's counsel reasonably believed that Thammavong would have an opportunity to obtain a reduction in sentence pursuant to a Rule 35(b) motion. We review *de novo* the district court's legal conclusions, but review its underlying findings of fact for clear error. *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003), *cert. denied*, 124 S.Ct. 1701 (2004).

Thammavong argues that his counsel should have taken action to ensure that Thammavong had an opportunity to pursue both the safety valve reduction and a Rule 35(b) motion. In explaining his strategy, counsel testified that he had been informed by the government that there was a "great likelihood" Thammavong would be able to assist in the California investigation, and that Thammavong's sentence would be reduced as a result. Counsel further explained that he believed the information Thammavong had to offer "would all come out in the process of the California investigation. In other words, the two-level decrease that could come with the safety valve would come out in the wash as a way of speaking." He went on to say that he advised Thammavong that he "had a very good chance of getting a reduction in his sentence under Rule 35(b), and that would take into consideration any safety valve issues or take the issue away in a sense."

Like the district court, we conclude that counsel's representation did not fall below an "objective standard of reasonableness." *See Strickland*, 466 U.S. at 687-88. Counsel's first task was to judge whether the government's prediction regarding the California investigation and possible Rule 35(b) motion was accurate and reliable. Counsel had discussed the matter with the prosecuting attorney, who advised that future cooperation was likely. The Assistant United States Attorney also assured counsel that he would arrange for an investigator to make contact with Thammavong and California authorities immediately after sentencing, so that Thammavong could continue his cooperation. Even Thammavong now concedes that there was no way his counsel could have expected that authorities eventually would decline to seek Thammavong's cooperation in connection with the California investigation. We thus believe it was reasonable for counsel to conclude that there was a good chance that Thammavong would be in a position to earn a Rule 35(b) motion through cooperation in California.

As for Thammavong's argument that a reasonable attorney nonetheless would have pursued both the safety valve interview and the Rule 35(b) motion, we believe this contention fails to recognize that the safety valve interview process is not free of risk. Counsel was aware that while Thammavong was willing to testify concerning subjects of the investigation in California, he had been reluctant to provide information to law enforcement concerning his criminal activity in Iowa. Thammavong feared retribution from his co-defendant in the Iowa case (who was a fugitive), and Thammavong's attorney never knew whether his client truly was willing to provide complete information to law enforcement about subjects in Iowa.

In determining whether to pursue the safety valve interview, counsel was required to consider the likelihood that Thammavong would complete a successful interview. The risks were not insubstantial. If Thammavong withheld information or made untruthful statements about his Iowa co-conspirators during a safety valve interview, then his credibility would be damaged. The government's enthusiasm for

-5-

accepting his cooperation in the California investigation, and his value as a potential witness in that investigation, would likely be diminished. The Rule 35(b) motion, moreover, promised potentially much greater benefit than a two-level reduction under USSG § 2D1.1(b)(6), because a government motion under Rule 35(b) authorizes the court to reduce the defendant's sentence below both the statutory minimum sentence and the applicable sentencing guideline range. Thus, by foregoing the safety valve interview, and arranging for Thammavong's first interview with law enforcement to address the California matters about which he was eager to share information, counsel reasonably pursued a strategy designed to reduce risk and maximize potential benefit. While the stagnation of the California investigation renders the decision questionable in hindsight, we cannot find that the advice was objectively unreasonable when evaluated from counsel's perspective at the time.

We agree with the district court that Thammavong has not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 487 U.S. at 689. Accordingly, we need not consider whether the record shows a reasonable probability that Thammavong would have provided a successful safety valve interview, such that he was prejudiced by counsel's advice to forego the interview. The judgment of the district court is affirmed.

_____